FREDERICK S. OSBREY, Respondent, *v.* FREDERICK W. REIMER et al., Appellants.

(Argued May 9, 1872; decided September term, 1872,)

THE action was brought for a settlement of the accounts of the firm of Reimer & Mulcke, of which firm plaintiff claimed to be a partner. Defendants denied the partnership, and alleged that plaintiff was simply employed as clerk and salesman.

On the 11th February, 1861, in continuance of a similar prior arrangement, the parties entered into an agreement by which their connection was to be continued for three years from January 1, 1861, plaintiff to share the profits and losses of the business at the rate of seventeen and one-half per cent, with a proviso that the agreement was not to convey to plaintiff any rights of partnership or of signing the firm name; that plaintiff was to superintend the dry goods department as salesman. He was to draw for personal expenses $2,500 per annum, and the capital standing to his credit and the surplus of profits was to remain in the business at seven per cent interest during the pendency of the agreement. Plaintiff had to his credit when the agreement was made about $8,000. The first year the business resulted in a loss. The second year a profit was realized, but not sufficient to cancel the loss of the first. In 1863 there was a profit, making the net profits of the three years $26,494.06. *Held*, that

under the agreement the parties were not partners, and plaintiff was not entitled to any share of the goods of the firm left unsold or to profits arising out of subsequent sales; that the contract was an entire one, and plaintiff's compensation was to be determined by the result of the business at its termination; that plaintiff was not chargeable with interest on the loss of the first year, nor could the amount standing to his credit at the beginning be reduced in consequence of such loss, nor was he chargeable with interest upon the sum drawn out by him, as provided in the contract; that he was entitled to interest on the balance of credit due him at the commencement of the agreement, but was not entitled to interest upon his share of the profits of the second year, as up to the end of that year there were no profits.

*T. C. S. Buckley* for the appellants.

*Samuel Hand* for the respondent.

LOTT, Ch. C., reads opinion for modifying judgment by deducting therefrom $369.09, with interest from January 1, 1864, and affirming judgment as thus modified.

All concur.

Judgment accordingly.